UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT MCANALLEY. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-00339-LJM-WGH |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Robert McAnalley for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-07-0230 in which he was found guilty of conspiracy to engage in an unauthorized financial transaction. For the reasons explained in this entry, Mr. McAnalley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie*

1

*v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

The Indiana Department of Correction ("IDOC") has established a policy to govern offenders' finances. See Inmate Trust Fund, IDOC Policy & Administrative Procedures 04-01-104 (effective August 15, 2009). All of an offender's money is required to be held by the IDOC in the offender's prison trust account while the offender is incarcerated, and the IDOC "may restrict any sources of funds sent to offenders and the disbursements that an offender may make." *Id.* § II, at 1. Any monies found on an offender "shall be considered prohibited property and shall be confiscated." *Id.* § VII, at 9. Offenders may receive money from friends and family members through a money transfer system known as J-Pay. Dkt. 15-9, p. 2. Offenders may send money only to IDOC-approved persons, companies, or organizations, and only by using a remittance slip signed by an authorized prison official. *Id.* The only exception to this rule is that offenders may spend money through J-Pay to purchase items from the prison commissary. *Id.* An offender who sends or receives money outside of these authorized channels engages in an unauthorized financial transaction. *Id.* By limiting the methods through which offenders can make financial transactions, prison officials are able to monitor offender finances more closely, which among other things makes it more difficult for offenders to purchase contraband. *Id.*

On July 12, 2014, Correctional Officer Maslin filed a Report of Conduct that charged Mr. McAnalley with a class B offense conspiracy to engage in an unauthorized financial transaction. The Report of Conduct states:

> On 7/12/14 at 06:05am phone calls were monitored in tower 1 by c/o Maslin #399 that clearly indicate offender Robert McAnalley #150042 was conspiring to engage in an unauthorized financial transaction on 7/11/14 at 20:12 @ 03:45 into call. During the call on 7/11/14 at 20:12 Robert McAnalley #150042 instructed the person called to tx a name of a person titi from Robby for $1.50.

Dkt. 15-1.

Mr. McAnalley was notified of the charge when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights, pled not guilty, and indicated his desire to have a lay advocate. He noted that he did not want to call any witnesses but he requested the recording of the phone call as evidence.

A hearing officer conducted a disciplinary hearing on July 21, 2014, finding Mr. McAnalley guilty of conspiracy to engage in an unauthorized financial transaction. The hearing officer stated that "McAnalley had another offender go ask T.T. if he wants the same. Then he says to person on call to do the same $1.50 to T.T. from Robby. Also Dano wants $40. [H]e say[s] I don't understand. She then says $400. Oh he say[s]. Says it is for his phone bill." Dkt. 15-5. Mr. McAnalley stated at the hearing, "Send my cousin some money." *Id.* The hearing officer relied on the staff reports, offender's statement, and phone call in making his decision. The recommended sanctions imposed included a written reprimand, a 30-day J-Pay restriction, and the deprivation of 60 days of earned credit time. The hearing officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Mr. McAnalley's appeals were denied. He filed his habeas petition on October 30, 2014.

### III. Analysis

Mr. McANalley's claims for habeas relief are that his due process rights were violated when: 1) the sanctions were not approved by a higher authority; 2) there was a lack of evidence; 3) another officer entered the room while the hearing officer was making his decision; and 4) there was a discrepancy as to the date of the incident.

Mr. McAnalley did not raise on appeal the claim concerning the approval of the sanctions by a higher authority. This claim, therefore, has been waived and procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). This claim is meritless also because there is a notation on the hearing officer's decisions that the sanctions were, in fact, approved. Dkt. 15-5. Moreover, this is an issue based on IDOC rules and regulations, which is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

Mr. McAnalley's second claim relates to the sufficiency of the evidence. He argues that the phone call statements only discussed paying a phone bill and texting someone about $1.50. Mr. McAnalley was charged with offense 220 which is defined as "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Conspiracy is defined as "[a]ttempting to commit any Class B offense; aiding, commanding, inducing,

counseling, procuring or conspiring with another person to commit any Class B offense." The hearing officer explained that on the phone call, Mr. McAnalley "had another offender go ask T.T. if he wants the same." He then told the person on the phone to give $1.50 to someone known as T.T. Dkt. 15-5. Mr. McAnalley's remark at the hearing that he was only sending his cousin some money constitutes an admission of guilt because he was not going through proper channels.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The phone call and conduct report support an inference that Mr. McAnalley was conspiring with a woman on the phone to engage in an unauthorized financial transaction of sending money to another offender. By not using the J-Pay or remittance slip systems, Mr. McAnalley was going outside authorized procedures. There was sufficient evidence to support the hearing officer's finding of guilty.

Mr. McAnalley next argues that another prison official was allowed into the room when the hearing officer was deliberating, in violation of IDOC policy. Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he

constitutional standard for impermissible bias is high." *Id.* Mr. McAnalley does not assert that the hearing officer had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no evidence of bias in these proceedings.

Mr. McAnalley's final claim is that his due process rights were violated when the conduct report and the hearing officer's report stated that the incident occurred on July 12, 2014, but the incident described on the conduct report occurred on July 11, 2014. This alleged discrepancy is of no import. On the conduct report, it is clear that the officer had monitored phone calls on July 12 but the date of the call itself was July 11, 2014. Mr. McAnalley was given a copy of the conduct report and was able to read the body of the report in addition to the headings on the report. Mr. McAnalley has not demonstrated any prejudice from the mention of both dates on the conduct report.

Mr. McAnalley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. McAnalley's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings.

Accordingly, Mr. McAnalley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date:   12/30/2015

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert McAnalley, # 150042
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel